IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon Samuel Brown, #303575, ) | CIVIL ACTION NO. 9:09-3064-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Reggie Walker, Correctional Officer; ) | |
| Melvin Bryant, Correctional Officer ) | |
| and Carol Wright, Sergeant, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983.[1] Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 4, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 9, 2010, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion for summary

---

[1]Plaintiff is a frequent filer of litigation in this Court. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].



- 1 -

judgment on June 21, 2010.

Defendants' motion is now before the Court for disposition.[2]

**Background and Evidence**

Plaintiff alleges in his verified complaint[3] that on April 11, 2009 he was stepping "back into my room from getting a shave" when he was approached by the Defendant Walker, a correctional officer, who called him a name. Plaintiff alleges that when he got into his room, he responded back by calling Walker a name, at which time Walker "grabbed his gas & sprayed me about two minutes in my facial area . . . .". Plaintiff alleges that, about three minutes later, his roommate (Kyle Nicholson) was trying to notify correctional officers that Plaintiff was having an asthma attack when Walker came back into Plaintiff's room and started to laugh at him. Plaintiff alleges that Walker as well as the Defendant Bryant, another correctional officer, "denied me . . . my asthma pump." Plaintiff alleges that it was about ten minutes before another officer came to the wing to give him his asthma pump. Plaintiff further alleges that he had to wait twenty-four hours before he saw medical staff after this incident.

Plaintiff alleges that Walker and Bryant violated his constitutional rights, and that the Defendant Wright is also liable because he was Walker and Bryant's supervisor. Plaintiff alleges that he notified Wright about what happened, but that Wright refused take any action. Plaintiff seeks

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



monetary damages.  See generally, Verified Complaint, with attached Exhibit [Grievance].

In support of summary judgment in the case, the Defendants have submitted an affidavit from John Pate, Warden of the Allendale Correctional Institution (ACI), where Plaintiff is housed.  Pate attests that at all times pertaining to this incident, the three named Defendants were serving as correctional officers employed by the Department of Corrections.  Pate further attests that the Department of Corrections keeps complete records on every inmate, and that he has attached copies of the Institution records for the Plaintiff regarding the incident at issue as exhibits to his affidavit.  Pate attests that these records show that on April 11, 2009, when correctional officer Walker attempted to secure the service window on Plaintiff's door, Plaintiff cursed at him and refused his directives to step away from the door.  Walker then used two bursts of spray from his Body Guard LE-10 canister, at which time Plaintiff backed away allowing Walker to secure the service window.  Pate attests that Walker's use of spray to regain control over the Plaintiff was within policy guidelines, and that the total expended amount of twenty-five grams from the cannister reflects a minimal and proper response to Plaintiff's refusal to allow Walker to lock the service window on the cell door.  Pate attests that Walker's actions were necessary to control an inmate who refused to obey a lawful directive and do not reflect an attempt to punish the Plaintiff, as the use of spray under these circumstances was appropriate to bring Plaintiff into compliance with regulations. Finally, Pate attests that Brown received two disciplinary charges from this incident: failing to obey an order, and the use of obscene, vulgar and profane language, and that Plaintiff was convicted of both of these offenses on April 14, 2009.

The exhibits attached to Pate's affidavit include Management Information Notes (MIN) for April 11, 2009.  This document reflects that after Plaintiff returned to his cell after receiving a shave, Walker attempted to secure the service flap on the cell at which point Plaintiff



cursed at him and told him not to close the flap. This document further reflects that Walker gave Plaintiff several directives to step away from the service flap, and that after Plaintiff refused Walker sprayed one burst of Body Guard LE-10 into Plaintiff's facial area. When Plaintiff still refused to move, Walker administered a second burst, at which time Plaintiff complied and the service flap was secured. This document further reflects that Captain Ricky Grimes and Nurse Robinson of the infirmary were notified, and that both Plaintiff and his cell mate were afforded running water in the cell to clean off any residue of the spray. Finally, this document reflects that an examination of Walker's chemical canister showed that twenty-five grams of dispersant was used. Copies of the report of use of force and incident reports are also attached, which reflect these same facts and information. The last document attached to Pate's affidavit is a copy of Plaintiff's disciplinary offense reports, reflecting that Plaintiff received disciplinary charges as a result of this incident, of which he was convicted. See generally, Pate Affidavit, with attached Exhibits.

The Defendants have also submitted an affidavit from Brenda Dash-Frazier, who attests that she is medical records custodian for the Department of Corrections. Dash-Frazier attests that she has reviewed Plaintiff's medical file, are that a true and complete copy of this file covering the period April 1 through April 30, 2009 is attached to her affidavit as an exhibit. This exhibit reflects that Plaintiff was seen by health services on three occasions in April 2009. Plaintiff was seen on April 9, 2009 complaining of lower back pain, for which he was provided some medication and instructions on how to take care of his back. On April 12, 2009 he was seen by health services at 7:36 in the morning at the request of security. Entry notes reflect that Plaintiff was seen in his cell as he was reportedly "sprayed" on the previous shift. Plaintiff was noted to be in no acute distress, and that he denied any injuries other than that the skin on his face "continues to burn." This entry further notes that Plaintiff had running water in his cell, and that he was advised to continue to flush



his skin. On April 28, 2009, Plaintiff was again seen by health services, apparently relating to a dental problem.

Finally, as an attachment to his response in opposition to summary judgment, Plaintiff has submitted an affidavit wherein he attests that he is an asthmatic patient. Plaintiff acknowledges in his affidavit that on the date in question he and Walker got into an argument over the service window (flap), and states that he and Walker then called each other names. Plaintiff attests that Walker then "unlocked the service window (flap) & sprayed enough 'Body Guard' to cause the Plaintiff to have a light asthma attack". See generally, Plaintiff's Affidavit.

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the evidence and arguments submitted to the Court, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.



First, to the extent Plaintiff is complaining about Walker cursing at him or calling him a name, it is well established that the use of vile or vulgar language is not a basis for a § 1983 claim. Malsh v. Austin, 901 F.Supp. 757 (S.D.N.Y. 1995)["Verbal assault, standing alone, is not a . . . cognizable injury in a 1983 civil rights action"]; Sluys v. Gribetz, 842 F.Supp. 764, 765 n.1 (S.D.N.Y. 1994) affmd., Sluys v. Gribetz, 41 F.3d 1503 (2d Cir. 1994); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Batista v. Rodriguz, 702 F.2d 393, 398 (2nd Cir. 1985); Ajaj v. United States, 479 F.Supp. 2d 501, 538 n. 16 (D.S.C. 2007); Musto v. Trinity Food Service, Inc., No. 07-231, 2010 WL 3565723 at * 13 (M,D.Fla. 2010)[Although "racial epithets are repulsive and generally the weapon of the uncivilized, . . . verbal harassment does not state a claim for relief in a federal civil rights action."] Further, there is no evidence, or even any allegation, that the Defendant Wright played any role in the incident, or was even present on the scene. Hence, absent some evidence that Walker, in taking the action that he did, was carrying out some policy or custom approved by Wright, there is no basis for liability against Wright even assuming Walker engaged in unconstitutional conduct. Vinnedge v. Gibbs, 550 F.2d 926, 927-929 at n. 1-2 (4th Cir. 1977)[Holding that the doctrines of vicarious liability and respondeant superior are not applicable to § 1983 actions]. Nor is there any evidence, or allegation, that Bryant used any force against the Plaintiff whatsoever. Therefore, Plaintiff has no excessive force claim against Bryant. Gomez v. Toledo, 446 U.S. 635, 640 (1980)[In order to state a cause of action under § 1983, a Plaintiff must allege, in part, that a named defendant deprived him or her of a federal right].

With respect to Plaintiff's excessive force claim against the Defendant Walker, the use of mace or pepper spray by prison officials is not in and of itself a per se violation of a prisoner's constitutional rights when used appropriately. Williams v. Benjamin, 77 F.3d 763 (4th Cir. 1996); Peterson v. Davis, 551 F.Supp. 137 (D.Md. 1982), aff'd without op., 729 F.2d 1453 (4th Cir. 1984);



Williams' v. Dehay, Nos. 94-7114, 94-7115, 1996 WL 128422 **2-3 (4th Cir. March 21, 1996). Rather, when reviewing such a claim, the Court should consider 1) the need for the application of force, 2) the relationship between the need and the amount of force that was used, 3) the threat to the staff and inmates as reasonably perceived by the prison officials on the basis of the facts known to them, 4) the efforts made to temper the severity of a forceful response, and 5) the extent of the injuries suffered by the prisoner. Whitley v. Albers, 475 U.S. 312, 321 (1986); Majette v. GEO Group, Inc., No. 07-591, 2010 WL 3743364, at * 6 (E.D.Va. Sept 22, 2010); see Hudson v. McMillian, 503 U.S. 1, 7 (1992) [the core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm].

Here, even Plaintiff concedes in his evidence that at the time of the incident in question he was engaged in a verbal confrontation with Walker, and there is no evidence to show that the amount of chemical spray used on the Plaintiff was excessive. To the contrary, the evidence shows that the amount used was very small. Williams, 77 F.3d at 761 [because prison officials are entitled to use appropriate force to quell prison disturbances, and because these officials oftentimes must act under pressure without the luxury of a second chance, in order for a prisoner to prevail on an Eighth Amendment claim he must demonstrate that officials applied force maliciously and sadistically for the very purpose of causing harm] see also Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ["not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"]; Plummer v. Goodwin, No. 07-2741, 2010 WL 419927 at * 7 n. 4 (D.S.C. Jan. 29, 2010)[finding that 33.50 grams of chemical munitions used on Plaintiff was "a relatively small quantity and not constitutionally relevant."]; Townsend v. Anthony, No. 03-2528, 2006 WL 2076920 at * 9 (D.S.C. July 24, 2006)[finding 20 grams to be a



small amount].

Further, while being sprayed with a chemical spray is no doubt uncomfortable, there is no evidence before the Court sufficient to give rise to a genuine issue of fact as to whether Plaintiff suffered any significant injury as a result of this incident. See Strickler v. Waters, 989 F.2d 1375, 1380-1381 n. 9 (4th Cir. 1993) [the mere incantation of physical and mental injury, of course, is inadequate to survive a motion for summary judgment]; cf. Bell v. Wolfish, 441 U.S. 520, 540 (1979) ["[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action"]. Although it is not required that Plaintiff show he suffered more than a de minimis injury to maintain his excessive force claim; see Wilkins v. Gaddy, 130 S.Ct. 1175, 1179-1180 (2010)[Noting that the notion that significant injury is a threshold requirement for stating an excessive force claim was rejected in Hudson, 503 U.S. at 7]; the "absence of [a] serious injury" nevertheless remains relevant in an Eighth Amendment inquiry. Wilkins, 130 S.Ct. at 1179-1180 [holding that the extent of injury may provide some indication of the amount of force applied, and stating that "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim"], citing to Hudson, 503 U.S. at 9 (quoting Johnson, 481 F.2d at 1033); see also Ellerbe v. Roach, No. 08-3118, 2010 WL 3361703, at * 3 (E.D.N.C. Aug 24, 2010). Plaintiff has failed to produce any evidence showing a discernible injury in this case.

Therefore, while Plaintiff may conceivably have a state law claim arising from this incident, or some further administrative remedy he can pursue, the evidence before this Court is not sufficient to create a genuine issue of fact as to whether constitutionally excessive force was used under the circumstances in this case. See Paul v. Davis, 424 U.S. 693, 701 (1976) [not every claim which may set forth a cause of action under a state tort law is sufficient to set forth a claim for a



violation of a constitutional right]; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]. Plaintiff's excessive force claim asserted as a constitutional violation should be dismissed.

Finally, to the extent Plaintiff is asserting a claim for denial of medical care against Walker and Bryant, in order to proceed on such a claim Plaintiff must present evidence sufficient to create a genuine issue of fact as to whether either Defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990). Plaintiff has failed to submit any such evidence. Plaintiff was provided with running water in his cell to wash off any chemical spray (which is the standard remedy), and the medical record reflects that when Plaintiff was seen by health services the following morning he was in no acute distress and denied any other injuries. Plaintiff himself concedes in his brief that, with respect to his inhaler, he received this device within ten minutes of requesting it, and also states in his affidavit that as a result of this incident he suffered, at most, a "light asthma attack".

Plaintiff's main complaint, as stated in his brief, is that he "could" have lost his life due to the Defendants' allegedly unprofessional conduct. Plaintiff's Brief, p. 3. Such a complaint is not a basis for a § 1983 medical deprivation claim. Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1188-1189 (11th Cir. 1994)["An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to



establish the detrimental effect of delay in medical treatment to succeed"], overruled in part by Hope v. Pelzer, 536 U.S. 730, 739 n. 9 (2002). The medical evidence fails to show that Plaintiff suffered any significant injury or that he had any serious medical need that was ignored by either Defendant, and this claim is therefore subject to dismissal. Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence insufficient to defeat summary judgment on deliberate indifference claim]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 6, 2010
Charleston, South Carolina



- 10 -

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

